**Albert Obeng ASANTE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73946.
Agency No. A72–438–097.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.[*]

Decided April 12, 2004.

■

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

627

Marc A. Karlin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Patricia L. Buchanan, U.S. Department of Justice, Washington, DC, for Respondent.

** The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Before MAGILL,** TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM***

Albert Obeng Asante ("Asante") petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision. The IJ denied Asante's application for asylum and withholding of deportation. Asante argues that there was not substantial evidence to support the IJ's determination that Asante did not endure past persecution, and even if he had, there is no well-founded fear of future persecution. Because the evidence presented does not support an objective determination that Asante would face persecution upon his return to Ghana, we deny the petition.

The BIA's denial of Asante's application for asylum is reviewed for substantial evidence. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003) (citing *Shoafera v. INS*, 228 F.3d 1070, 1073 (9th Cir.2000)). "We will reverse the [BIA] only where the evidence is such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed." *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

"An alien's well-founded fear of persecution must be both subjectively genuine and objectively reasonable." *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999) (citing *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998)). There is no issue with regard to Asante's subjective fear. The objective component can be sat-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

isfied in one of two ways. First, if Asante establishes that he has been subjected to persecution in the past, there is a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). The burden then shifts to the government to show by a preponderance of the evidence that country conditions have changed to such an extent that the petitioner no longer has a well-founded fear of persecution if he were to return. *Id.* Second, Asante may succeed "by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Duarte de Guinac,* 179 F.3d at 1159 (citing *Ghaly,* 58 F.3d at 1428).

Even if the mistreatment Asante received on account of his political and religious beliefs amounted to persecution (and thus gave rise to a presumption of future persecution), the government's introduction of evidence of change in country conditions was sufficient to support the IJ's conclusion that any such presumption had been rebutted. The U.S. Department of State's *2000 Annual Report on International Religious Freedom: Ghana* details the recent positive changes that have taken place in that country. The report states that Ghana's Constitution provides for the freedom of religion, and that this right is generally respected. It is noted that the law requiring the registration of religious bodies, which specifically affected Asante's church, was repealed in 1992 because it did not comport with the concept of religious freedom. Furthermore, it is now estimated that 40 percent of the country's population is at least nominally Christian, which includes Asante's Pentecostal denomination.

The government also submitted the Department of State's *1999 Country Report on Human Rights Practices: Ghana,* which detailed the political changes that have occurred since Asante's departure.

In 1996, "peaceful, free, and transparent" presidential and parliamentary elections were held for the first time since Lieutenant Rawlings seized power in 1981. Another election was held without incident in 1998, in which local government officials were elected in accordance with the structure outlined in the Constitution.

As the IJ recognized, the country is not perfect. However, the changes that have taken place since 1992 support the IJ's determination that Asante could safely return to Ghana and once again become a minister without any particular problem. There is no evidence that Asante was a major political player, such that anyone in the government would still be concerned with Asante or his children. Although Asante's past treatment in Ghana, as a result of his religious and political beliefs, was unfortunate, the Department of State reports rebut both Asante's claim that he would be subject to persecution if returned to Ghana, and any presumption that might arise from a finding of past persecution.

**PETITION DENIED**